Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| GISELA LAMENZA MARRERO<br><br>Peticionaria<br><br>Vs.<br><br>ANDREA NOEMÍ BELTRÁN RODRÍGUEZ Y ADRIANA LI BELTRÁN RODRÍGUEZ<br><br>Recurridas | TA2025CE00700 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Caso Núm. CG2023CV03246<br>Sala: 702<br><br>Sobre: DIVISIÓN O LIQUIDACIÓN DE LA COMUNIDAD DE BIENES HEREDITARIOS |
|---|---|---|

Panel integrado por su presidenta, la Juez Domínguez Irizarry, la Jueza Martínez Cordero y el Juez Cruz Hiraldo[1]

Cruz Hiraldo, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 15 de diciembre de 2025.

La parte peticionaria, señora Gisela Lamenza Marrero, comparece ante este tribunal, y solicita la revocación de la *Resolución* emitida y notificada el 11 de septiembre de 2025 por el Tribunal de Primera Instancia, Sala Superior de Caguas. El foro primario declaró *No Ha Lugar* la *Moción de Sentencia Sumaria,* presentada por la parte peticionaria en contra de la parte recurrida compuesta por las señoras Andrea Noemí y Adriana Li, ambas de apellidos Beltrán Rodríguez.

Por los fundamentos expuestos en esta resolución, *denegamos* la expedición del auto solicitado.

*-I-*

El 26 de septiembre de 2023 la parte peticionaria presentó la Demanda de título sobre división de la comunidad de bienes hereditarios que existe entre la primera y la parte recurrida. La

---

[1] Mediante la OTA-2025-216 emitida el 4 de noviembre de 2025 se designa a la Hon. Ivelisse M. Domínguez Irizarry en sustitución del Hon. Abelardo Bermúdez Torres.

peticionaria alegó ser viuda del señor Miguel Orlando Beltrán Delgado, fallecido el 22 de noviembre de 2022 en Seattle, Washington. Alegó que el último domicilio del señor Beltrán Delgado fue Carolina del Norte. La peticionaria aseveró que el caudal hereditario sujeto a liquidación en Puerto Rico solamente contiene dos bienes inmuebles, uno sito en el municipio de Río Grande y el otro en Gurabo. Además de la liquidación de la comunidad de bienes, solicitó unos créditos sobre unos supuestos pagos de hipoteca, gastos de mantenimiento, gastos incurridos al gestionar la declaratoria de herederos, y gastos fúnebres.

El 9 de febrero de 2024 la parte recurrida contestó la demanda y contra demandó a la parte peticionaria. La parte recurrida alegó que, además de los bienes informados en la demanda, existen otros que necesariamente deben ser colacionados y liquidados tras la corroboración judicial. Por ello, solicitaron al tribunal autorización para inventariar, y valorar el universo de bienes que conforman el caudal relicto de su padre. La parte peticionaria presentó contestación a las alegaciones en la reconvención. Alegó que todos los bienes del caudal relicto, los ubicados fuera de Puerto Rico, fueron liquidados conforme a la ley del sitio, y solo resta la liquidación del par de bienes inmuebles localizados en Puerto Rico. Concluyó que, sobre los primeros, el foro de primera instancia carecía de jurisdicción para entender sobre ellos, pues el causante no era residente de Puerto Rico, y según esgrimido, todos estos fueron liquidados conforme a la ley del lugar donde ubicaban al momento de fallecer su anterior esposo.

Concluido el descubrimiento de prueba, la parte peticionaria presentó *Moción de Sentencia Sumaria Sobre el Domicilio del Causante.* La parte recurrida presentó la correspondiente oposición. Examinados los escritos, el foro primario denegó la petición de solución sumaria de la parte peticionaria. Sobre la cuestión central

de los escritos, el domicilio del causante al momento del fallecimiento concluyó la persistencia de controversias insalvables, a pesar del escrutinio sumario judicial efectuado. Por tanto, el juzgador de hechos decidió continuar con el procedimiento ordinario para arribar a la solución final de la controversia no resuelta por el escrito sumario promovido. En cuanto a la norma sumaria, el foro de primera instancia determinó los siguientes hechos, como libre de controversia:

1. El causante falleció el 24 de noviembre de 2022 en la ciudad de Seattle, Washington.

2. Al momento de su fallecimiento, estaba casado con la demandante Gisela Lamenza Marrero.

3. El causante y la demandante Gisela Lamenza Marrero contrajeron matrimonio el 25 de octubre de 2013 en Gurabo, Puerto Rico.

4. Previo a contraer matrimonio, el causante y la demandante Gisela Lamenza Marrero otorgaron escritura sobre Capitulaciones Matrimoniales el 23 de octubre de 2013 ante la Notario María de Lourdes Guzmán Rivera en San Juan, Puerto Rico.

5. La demandante Gisela Lamenza Marrero como las codemandadas Adriana Li Beltrán Rodríguez y Andrea Beltrán Rodríguez fueron declaradas como únicas y universales herederas del causante en el caso CG2023CV01147 sobre Declaratoria de Herederos.

6. El día 12 de noviembre de 2021 la demandante Gisela Lamenza Marrero y el causante otorgaron un documento identificado como "North Carolina General Warranty Deed" para la compra de una propiedad en Carolina del Norte.

7. Al momento de su muerte, el causante se encontraba residiendo en Carolina del Norte.

8. El causante, antes de haber residido en Carolina del Norte, había residido en Tampa, Florida, en Costa Rica y en Puerto Rico.

9. El causante, al momento de su muerte, tenía activos y pasivos tanto en Carolina del Norte como en Puerto Rico.

No obstante, el avance en el esclarecimiento de los hechos materiales concluyó, según adelantado, la persistencia de las siguientes cuestiones litigiosas:

1. Si el domicilio del causante Miguel Orlando Beltrán Delgado era el estado de Carolina del Norte o Puerto Rico.

2. Cuáles son los activos y pasivos dejados por el causante que están sujetos a partición entre sus herederos.

Todavía así, la parte peticionaria rogó la reconsideración al tribunal apelado, pero su petición fue, igualmente, denegada mediante orden emitida el 29 de septiembre de 2025, notificada al día siguiente. Inconforme, la parte peticionaria comparece ante esta curia y solicita la expedición del presente *certiorari* sobre la base de los siguientes errores señalados en su alegato:

**Primer Error:** ERRÓ EL TPI AL DECLARAR NO HA LUGAR LA MOCIÓN DE SENTENCIA SUMARIA SOBRE EL DOMICILIO DEL CAUSANTE AL MOMENTO DE SU MUERTE, PRESENTADA POR LA PETICIONARIA, TENIENDO ANTE SÍ TODOS LOS HECHOS Y EVIDENCIA QUE ACREDITAN QUE EL DOMICILIO DEL CAUSANTE AL MOMENTO DE SU MUERTE ERA CAROLINA DEL NORTE.

**Segundo Error:** ERRÓ EL TPI AL DECLARAR NO HA LUGAR LA MOCIÓN DE SENTENCIA SUMARIA SOBRE EL DOMICILIO DEL CAUSANTE AL MOMENTO DE SU MUERTE, PRESENTADA POR LA PETICIONARIA, AUN CUANDO NINGÚN HECHO FUE CONTROVERTIDO POR LAS RECURRIDAS CONFORME REQUIERE LA REGLA 36 DE PROCEDIMIENTO CIVIL DE PUERTO RICO, 32 L.P.R.A. AP. V, Y LA JURISPRUDENCIA APLICABLE A DICHA REGLA.

**Tercer Error:** ERRÓ EL TPI AL DECLARAR NO HA LUGAR LA MOCIÓN DE SENTENCIA SUMARIA SOBRE EL DOMICILIO DEL CAUSANTE AL MOMENTO DE SU MUERTE, PRESENTADA POR LA PETICIONARIA, AL CALIFICAR CONTROVERSIAS DE DERECHO COMO SI FUERAN DE HECHO.

La parte recurrida también compareció y solicita que no ejerzamos nuestra discreción sobre la decisión interlocutoria apelada. Procedemos a disponer del presente recurso con el beneficio de la comparecencia de las partes, el contenido del expediente electrónico y el derecho aplicable.

*-II-*

El recurso de *certiorari* es un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar

determinaciones interlocutorias del foro de origen. *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 847 (2023); *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994, 1004 (2021); *800 Ponce de León v. AIG,* 205 DPR 163, 174 (2020); *Medina Nazario v. McNeil Healthcare LLC,* 194 DPR 723, 728 (2016); *IG Builders et al. v. BBVAPR,* 185 DPR 307, 337-338 (2012). El tribunal revisor tiene discreción para resolver el recurso promovido, ya sea, expedir y considerar la cuestión en sus méritos, o denegar sin otra salvedad sobre el asunto apelado. *Rivera Figueroa v. Joe's European Shop,* 183 DPR 580, 593 (2011); *Pueblo v. Díaz de León,* 176 DPR 913, 917 (2009); *García v. Padró,* 165 DPR 324, 334 (2005). La Regla 40 del Reglamento de este Tribunal establece los criterios al ejercer nuestra facultad discrecional de expedir o denegar un recurso extraordinario de *certiorari*:

    A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

    B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

    C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

    D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

    E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

    F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

    G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

4 LPRA Ap. XXII-B, R. 40.

De ordinario, el criterio judicial empleado en el manejo de un caso al emitir pronunciamientos de carácter interlocutorio está

revestido con una presunción de corrección fundada en la discreción judicial del juzgador de hechos. *In re Collazo I,* 159 DPR 141, 150 (2003). Por ello, los tribunales apelativos no debemos "intervenir con determinaciones emitidas por el foro primario y sustituir el criterio utilizado por éste en el ejercicio de su discreción, salvo que se pruebe que actuó con prejuicio o parcialidad, incurrió en craso abuso de discreción o en error manifiesto". *Citibank et al v. ACBI et al.*, 200 DPR 724, 736 (2018).

*-III-*

Tras entender sobre el recurso de autos, ello a la luz de lo estatuido en la precitada Regla 52.1 de Procedimiento Civil, *supra,* se desprende que el mismo está inmerso en las instancias contempladas por el legislador, a los fines de que este Foro pueda entender sobre un recurso. Sin embargo, un examen detallado de los documentos, que componen el expediente que nos ocupa, nos lleva a abstenernos de ejercer nuestra función revisora respecto a la muy bien fundamentada *Resolución* emitida por el juzgador de instancia.

Sabido es que la sentencia sumaria es un mecanismo adjudicativo de naturaleza extraordinaria, sujeta a determinadas formalidades impuestas por ley, que propende a la celeridad en la disposición de los asuntos sometidos a la consideración de la maquinaria judicial. *Rivera Matos, et al. v. Triple-S et al.,* 204 DPR 1010, 1024 (2020); *Rodríguez García v. UCA* 200 DPR 929, 940 (2018); *Savary et al. v. Mun. Fajardo et al.,* 198 DPR 1014, 1030 (2017); *SLG Zapata-Rivera v. J.F. Montalvo,* 189 DPR 414, 430 (2013); *Ramos Pérez v. Univisión,* 178 DPR 200, 213 (2010).

Por tanto, compete al tribunal examinar toda la evidencia habida ante sí, de modo tal que pueda concluir que solo resta disponer de cuestiones puramente normativas. La legitimidad de su empleo está supeditada a la efectiva inexistencia de controversia

alguna sobre los hechos medulares de la causa de acción de que trate, ello a la luz de la prueba documental sometida a la consideración del juzgador por parte de quien propone la moción correspondiente, así como de quien se opone a la misma. *Vera v. Dr. Bravo*, 161 DPR 308, 334 (2004); *Roig Com. Bank v. Rosario Cirino,* 126 DPR 613, 617 (1990). Ahora bien, dictar sentencia sumaria en un caso es una facultad propia a la discreción del adjudicador, a los fines de evitar que se prive a una persona de su derecho a tener su día en corte. *SLG Zapata-Rivera v. J.F. Montalvo,* supra, pág. 433; *Ramos Pérez v. Univisión,* supra; *Roig Com. Bank v. Rosario Cirino,* supra. Así, de no quedar clara la total inexistencia de controversias de hechos materiales, el foro *a quo* está llamado a no preterir el cauce ordinario de los procedimientos. Regla 36.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3.

Al entender sobre la totalidad de los documentos que componen el expediente de autos, advertimos que ningún criterio jurídico particular justifica que dejemos sin efecto la determinación recurrida. Nada nos sugiere que, en el ejercicio de sus facultades, el foro recurrido haya incurrido en error o en abuso de la discreción que le asiste, de modo que se haga meritorio que soslayemos la norma de abstención judicial que, en dictámenes como el de autos, regula el ejercicio de nuestras funciones. A nuestro juicio, el pronunciamiento en cuestión es producto del adecuado ejercicio de las facultades que le asisten al Tribunal de Primera Instancia en la materia que atendemos, por lo que, ante ello, no resulta preciso que intervengamos. Por tanto, en virtud de lo dispuesto en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, resolvemos no expedir el auto que nos ocupa.

### *-IV-*

Por los fundamentos que anteceden, *denegamos* la expedición del recurso de *certiorari* solicitado.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones